UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80610-CIV-MARRA

FRANK D. LAGALANTE,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## OMNIBUS OPINION AND ORDER

This cause is before the Court upon Defendant's Motion for Directed Verdict on the Issue of Future Earning Capacity; Plaintiff's Motion for Additur on Past Medical Bills (DE 53); and Plaintiff's Motion for Entry of Final Judgment (DE 54). The Court has reviewed the motions and is advised in the premises.

**I. Background**

Plaintiff initiated this action seeking damages under an uninsured/underinsured motorist insurance policy. A jury trial resulted in a Plaintiff's verdict totaling $248,073.52. The jury awarded Plaintiff $50,823.52 for past medical expenses; $8,250.00 for past lost earnings; and $24,000.00 for future earning capacity. (DE 49). The jury also found that Plaintiff sustained a permanent injury as a result of the accident at issue and awarded $15,000.00 and $150,000.00, respectively, for past and future pain and suffering, disability, physical impairment, mental anguish, inconvenience, aggravation of a disease or physical defect, and loss of capacity for the enjoyment of life.

**II. Defendant's motion for directed verdict**

Defendant moved for a directed verdict on the issue of future earning capacity before the case went to the jury, but the Court concluded that the issue could be resolved after the jury rendered a verdict. Now, in support of the motion, Defendant argues that Plaintiff presented no evidence at trial in support of Plaintiff's claim that he lost his job as a result of the accident at issue. Rather, Plaintiff testified at trial that he did not know why his employment was terminated. Defendant further suggests that while the jury found that Plaintiff suffered a permanent injury, there was no evidence at trial regarding the effect that this injury would have on his ability to do his job.

The only evidence to which Plaintiff points in support of an award for loss of future earning capacity is a disparity in salary between the amount Plaintiff made at work before the accident (roughly $100,000.00) and the amount he made at a new job after the accident ($68,500.00). Plaintiff relies on Defendant's failure to offer a plausible explanation as to why Plaintiff lost his job after the accident, and Plaintiff argues that the jury's finding that Plaintiff sustained a permanent injury was likely based on the same evidence the jury used to determine Plaintiff's loss of future earning capacity. Finally, Plaintiff argues that his permanent injury coupled with his testimony that he is unable to perform his job at a pre-accident level provided sufficient evidence for the jury to infer that his future earning capacity is diminished.

Plaintiff's argument is based on nothing more than inferences. Essentially, Plaintiff's position is that he worked for many years with no issues, he was injured in a car accident and missed nine weeks of work, he came back to work for a short period of time, and then he was fired. Plaintiff suggests that because Defendant presented no evidence as to why he was fired, he must have been fired because of the car accident. But Plaintiff presented no evidence that supports this conclusion,

and in fact Plaintiff testified that he did not know why he was let go.

"Florida law does not recognize a claim for future loss of earnings but does recognize a claim for damages for loss of earning capacity." *Truelove v. Blount*, 954 So. 2d 1284, 1288 (Fla. Dist. Ct. App. 2007) (citations and quotations omitted). Thus, "the purpose of a jury's award of damages for loss of any future earning capacity is to compensate a plaintiff for loss of capacity to earn income as opposed to actual loss of future earnings. The appropriate test is to permit the recovery of future economic damages when such damages are established with reasonable certainty. A plaintiff must demonstrate not only reasonable certainty of injury, but must present evidence which will allow a jury to reasonably calculate lost earning capacity." *Id.* (citations and quotations omitted). Based on what Plaintiff presented at trial, the Court cannot conclude that he presented "substantial evidence which tends to show to what extent, degree or percent, if any, [his] earning capacity will be impaired." *Bartholf v. Baker*, 71 So. 2d 480, 485 (Fla. 1954) Moreover, "[t]his is a matter which cannot properly be determined, even by a jury, upon mere speculation or conjecture." *Id.* Defendant's motion for a directed verdict on the issue of future earning capacity is accordingly granted.

**III. Plaintiff's motion for additur on past medical bills**

Plaintiff moves for an additur on the jury's award of past medical bills because Plaintiff sought an award of $113,276.83 but the jury awarded only $50,823.52. Plaintiff seeks an additur of the difference: $62,453.31. The parties do not dispute that Plaintiff had $113,276.83 in medical expenses.

The basis for Plaintiff's motion seems to be that because all his medical procedures were related, the jury's finding that he suffered a permanent injury is inconsistent with a limited award of only certain past medical bills. Defendant responds by arguing that this case involved two separate

3

injuries—a knee injury and an injury to Plaintiff's lower back—so the jury may have awarded limited past medical bills based on its belief that Plaintiff suffered only a single permanent injury.

The Court agrees with Defendant that the jury was presented with evidence sufficient to justify its limited award of past medical expenses. Nevertheless, the Court's view on the matter is irrelevant because it is fundamental that "the order of an additur by a federal court violates the seventh amendment right to a jury trial in civil cases." *Hattaway v. McMillian*, 903 F.2d 1440, 1451 (11th Cir. 1990) (citing *Dimick v. Schiedt*, 293 U.S. 474, 486–88 (1935) and *Hawkes v. Ayers*, 537 F.2d 836, 837 (5th Cir.1976)).

### IV. Plaintiff's motion for entry of final judgment

Plaintiff moves for entry of final judgment in the amount of $290,526.83, which represents the undisputed subtraction of two separate $10,000 collateral set-offs from the jury's $248,073.52 verdict and the addition of the $62,453.31 additur that Plaintiff sought (addressed above). Defendant responds by arguing that the final judgment should be in the amount of $159,073.52, which represents the subtraction of the collateral set-offs from the verdict, no additur, and the subtraction of Defendant's $45,000 advance payment against Plaintiff's uninsured motorist claim. Plaintiff had the opportunity to reply to Defendant's response. No reply was filed. Accordingly, the Court concludes that, consistent with the above analysis on Plaintiff's motion for additur and Defendant's motion for a directed verdict, judgment should be entered in the amount of $159,073.52, which represents the jury's $248,073.52 verdict minus $20,000.00 in collateral set-offs, $45,000.00 in advance payments made by Defendant, and $24,000.00 for future loss of earning capacity. Judgment shall be entered separately.

**V. Conclusion**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Directed Verdict on the Issue of Future Earning Capacity is **GRANTED**. Plaintiff's Motion for Additur on Past Medical Bills (DE 53) is **DENIED.** Plaintiff's Motion for Entry of Final Judgment (DE 54) is **GRANTED IN PART AND DENIED IN PART.** Judgment shall be entered separately. Plaintiff's Motion to Expedite Review of Post Trial Motions (DE 72) and Motion for Hearing on Post Trial Motions (DE 73) are **DENIED AS MOOT.** The Court reserves jurisdiction to award Plaintiff costs.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of June, 2013.

_____
KENNETH A. MARRA
United States District Judge