UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80610-CIV-MARRA

FRANK D. LAGALANTE,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Motion to Tax Costs (DE 77). Defendant responded. (DE 78). The Court has reviewed the briefs and the record, and is otherwise advised in the premises.

Plaintiff moves to tax costs against Defendant in the amount of $14,730.67. Local Rule 7.3(c) prescribes that an application for a bill of costs shall be limited to the costs permitted by 28 U.S.C. § 1920. Section 1920 permits the Court to tax as costs the following:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title;

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section

1828 of this title.

Based on the prescriptions of this statute, Plaintiff seeks to recover fees paid to the clerk in the amount of $411.00; fees for service of summons and subpoenas in the amount of $335.00; fees for Plaintiff's deposition transcript and the transcript of Defense Counsel's closing argument in the case he tried immediately before this case in the amount of $2,505.85; costs incurred in creating demonstrative aids for use at trial in the amount of $717.81; witness fees for the appearance and testimony of Gary Wexler, MD and Alexander Lenard, MD in the amount of $9,641.98; costs incurred in copying medical records, medical bills, court records, and surveillance DVDs for use at trial in the amount of $664.03; and mediation costs in the amount of $455.00. Plaintiff further seeks interest under 28 U.S.C. § 1961. In response, Defendant argues that Plaintiff is not entitled to (1) expert witness fees in excess of the statutory fee provided for in 28 U.S.C. § 1821, (2) transcript costs for the trial transcript of a case defense counsel conducted the week before the trial in this case, (3) any costs associated with witness subpoenas or mileage fees for any witnesses that were not called to testify at trial, and (4) costs for parking fees, trial boards, demonstrative aids, or mediation expenses.

Based upon a review of the arguments and the record, the Court concludes that Plaintiff is entitled to the following costs: filing fee ($411.00); service of process on Dr. Wexler and Dr. Lenard ($90.00 total); witness fees for Dr. Wexler and Dr. Lenard under § 1821 ($40.00 each; $80.00 total); and the deposition transcript of Frank Lagalante ($718.35). The Court rejects Plaintiff's claim for the cost of an expedited transcript of defense counsel's opening, closing, and voir dire from a case tried a week before this case. That cost was incurred based on a strategic decision of counsel, and there is no statutory authority to impose that cost on the losing party. Because Plaintiff has failed

to provide sufficient support for entitlement to the remaining costs he seeks, Plaintiff is not entitled to costs for the expedited transcript; exhibits for trial; expert witness fees beyond those prescribed in § 1821[1]; copies of materials; and mediation expenses.  For example, as to the costs for exhibits and copies, Plaintiff has not demonstrated which of those items he actually used at trial.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Tax Costs (DE 77) is **GRANTED in part and DENIED in part.** Costs shall be taxed in the amount of $1,299.35. Judgment shall be entered separately.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of September, 2013.

_____
KENNETH A. MARRA
United States District Judge

---

[1] "[I]t is well settled that expert witness fees cannot be assessed in excess of witness fees provided in § 1821." *Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983). Section 1821 states in relevant part:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid fees and allowances provided by this section.
> ...
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to or returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. §1821.

Plaintiff has failed to provide any support for the assessment of expert witness fees in this case, either within or in excess of § 1821's statutory prescription. The Court has no evidence of how much time each witness "necessarily occupied in going to or returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." Plaintiff merely requests the amount $9,641.98 with no specifics behind it. Nevertheless, the Court shall award $40.00 in expert witness fees for both Dr. Wexler and Dr. Lenard (for a total of $80.00), because both witnesses testified for at least one day during the trial.